OPINION. Harlan, Judge: The petitioner contends that the salary he received from the Red Cross is exempt from income tax under the provisions of section 116 (a) of the Internal Revenue Code, as amended by section 148 (a) of the Revenue Act of 1942.[1] In support of his contention he urges that he intended to and did establish a bona fide foreign residence in England; that his activities in England were not under the aegis of the United States Government, and were not analogous to the employment of American mechanics at defense projects; and that he was at no time subject to military control or direction and therefore can not be said to have been enjoying the equivalent of extra-territorial privileges which defeat bona fide foreign residence. When questioned with respect to his intentions, the petitioner testified as follows: Q. Mr. Cruise, did you intend, in or about September, 1942, before your departure for England, to remain in England should your employment with the Red Cross terminate? A. I was single and free, and if I found something for the betterment, I would be willing to stay there. Mb. Johnston : I object to that as not responsive, Tour Honor. The Court : That question can be answered, Mr. Cruise, yes or no. Mr. Reporter, read the question to him again. (Read.) The Witness : Tes, I would have stayed there. His sister, who also appeared as a witness, testified as follows: Q. Did he [petitioner] make any expressions to you as to his intentions in the event he terminated his services in England with the American National Red Cross? A. Not that I recall. Petitioner’s testimony with respect to his intention to remain in England after the termination of his employment with the Red Cross is not-convincing. This self-serving declaration made in 1949 appears to be an afterthought, for as far as the record discloses he never gave expression to such an intention either before he sailed or while he was in England. Something more is required than a mere statement that a taxpayer intended to remain in a foreign country and therefore became a resident of that country. Otherwise, income taxes properly due from many taxpayers could be easily avoided. In the instant proceeding, there is nothing in the record to show that petitioner ever took any action that a person would normally take who intended to stay in England after the termination of Eed Cross employment. He had no passport, and he never applied for one. He had employment for the duration of the war with the Eed Cross, and, as far as the record discloses, he never made any inquiry about any other employment, either before or after hostilities ceased in May of 1945. While the record does not show the exact nature of the illness which prompted him to leave for the United States in November 1945, the testimony of his sister that he looked tired and thin and the fact that he went on a lecture tour of long duration three months after his arrival in the United States would seem to indicate that his condition was caused by overwork and that all he needed was a period of rest to recover. Apparently, however, he never gave any consideration to taking that rest in England, or to returning to England after he recuperated. His actions from the time he received his Eed Cross appointment clearly indicate that he belongs in the same category as other civilian workers who contributed to the war effort by accepting employment in a foreign country for the duration of the war or a shorter period, and after its termination returned to the United States. In Downs v. Commissioner, 166 Fed. (2d) 504; certiorari denied, 334 U. S. 832; Arthur J. H. Johnson, 7 T. C. 1040; Ralph Love, 8 T. C. 400; and Dudley A. Chapin, 9 T. C. 142, this and other courts held that technicians and other employees of corporations having contracts with the Government, who traveled to foreign countries and performed work required in connection with the war effort for these corporations, were not bona fide residents of the country in which they lived and were not exempt from income tax under the provisions of section 116 of the Internal Eevenue Code as amended by section 148 (a) of the Eevenue Act of 1942. We do not think that the nature of petitioner’s employment as a Eed Cross worker requires a different conclusion in the instant proceeding. We have, therefore, found as a fact that he was not a bona fide resident of a foreign country during the period of his employment by the Eed Cross in England. It follows that under the provisions of section 116, supra, the salary he received from the Eed Cross during that period is not exempt from income tax. The instant case, we think, is clearly distinguishable on its facts from Swenson v. Thomas, 164 Fed. (2d) 783; Audio G. Harvey, 10 T. C. 183; John H. Chapman, 9 T. C. 619; and Yaross v. Kraemer, U. S. Dist. Ct., Dist. Conn., Feb. 23, 1949, cited and relied upon by petitioner. Decision will he entered for the respondent. The legislative history of this section and applicable regulations were fully discussed in Arthur J. H. Johnson, 7 T. C. 1040.